# EXHIBIT A

Zachary R. Wall, Esquire
Atty. No. 023032007
WALL & LONDON LLC
34 Tanner Street, Suite 4
Haddonfield, New Jersey 08033
P: (856) 428-1480 F: (856) 428-1436
E-mail: zwall@wallandlondon.com
*Attorneys for the Plaintiff*

| | |
|---|---|
| DAVID TAMBURRO,<br><br>Plaintiff,<br><br>v.<br><br>WINZINGER, INC.; and JOHN DOES 1-10 (fictitious names of entities and/or individuals whose identities are presently unknown), individually, jointly, severally and/or in the alternative,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BURLINGTON COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO.:<br><br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff, DAVID TAMBURRO, by way of complaint against the Defendant, WINZINGER, INC.; and JOHN DOES 1-10; states as follows:

### NATURE OF ACTION

1. This is an action by the Plaintiff as a former employee of the Defendants for recovery of damages in the amount of lost wages, benefits, and other remuneration, including attorney's fees and costs, by reasons of the Defendant's' violation of the Plaintiff's rights under both common law and statutory law pursuant to the New Jersey State Wage & Hour Law, N.J.S.A. 34:11-56a, *et seq.* and the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. 201, *et seq.* ("FLSA").

2. Venue is properly laid in accordance with R.4:3 2(a) and (b) as Defendant routinely conducts business and Plaintiff's causes of action arose in Burlington County, New Jersey.

## THE PARTIES

3. Upon information and belief, Defendant WINZINGER, INC. (hereafter "Winzinger" and/or "Defendant"), is a domestic profit corporation with a principal place of business at 1704 Marne Hwy, PO Box 537, Hainesport, New Jersey.

4. Upon information and belief, at all times relevant to this action, Winzinger, a construction, demolition, and land improvement business, employed the Plaintiff and owned, operated, and/or managed a facility in Hainesport, Burlington County, New Jersey.

5. Upon information and belief, Defendant Winzinger is responsible and vicariously liable for the actions of any and all personnel, payroll, and/or human resources entities which participated in the adverse employment actions alleged herein (pled as "John Does 1-10").

6. Plaintiff David Tamburro ("Mr. Tamburro" and/or "Plaintiff"), was employed by Defendant as an Laborer from in or around 2007 until he was terminated on December 25, 2017.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. During his employment, Plaintiff regularly worked more than 40 hours per week.

8. Defendant falsified Plaintiff's payroll records to make it appear that he worked less hours than he actually did.

9. At all times relevant hereto, Plaintiff was a non-exempt employee under the terms of applicable laws and regulations.

10. Defendant determined Plaintiff's rate and method of wage compensation during his

employment.

11. Defendant willingly, deliberately and intentionally refused to pay Plaintiff for time actually worked, and for time and one-half pay for overtime worked.

12. Defendants knew that Plaintiff was entitled to compensation for time actually worked and for time and one-half overtime pay.

13. As proof of the willfulness of the violations, upon information and belief, Defendants had previously received publications and advice to pay employees the wages actually earned and to pay time and one-half overtime pay but failed to do so.

14. Defendants willfully, deliberately and intentionally failed to pay Plaintiff for time actually worked and for time and one-half overtime hours worked over 40 hours per week.

## COUNT ONE - VIOLATION OF THE NEW JERSEY WAGE & HOUR LAW N.J.S.A. 34:11-56a, *et seq.*: FAILURE TO PAY OVERTIME

15. The Plaintiff repeats, reiterates and incorporates by reference all of the allegations and counts made in the previous Counts and paragraphs of this Complaint as if set forth herein at length.

16. Plaintiff, David Tamburro earned, but did not receive, compensation for time worked, together with time and one-half pay, over 40 hours per week.

17. Plaintiff was at all times relevant hereto an "employee" as that term is defined by N.J.S.A. 34:11-56a, *et seq.*

18. Defendant was at all times relevant hereto an "employer" as that term is defined by N.J.S.A. 34:11-56a, *et seq.*

19. During his employment, Plaintiff worked hours beyond 40 hours per week for which he was entitled to receive pay at the rate of 1.5 his hourly rate. He was not so paid.

20. Defendant has willingly, deliberately and intentionally refused to pay Plaintiff for time actually worked, and for time and one-half pay for overtime worked.

21. Defendant knew or should have known that Plaintiff was entitled to compensation for time actually worked and for time and one-half overtime pay, during all relevant times.

22. As proof of this fact, upon information and belief, Defendant has previously received publications and advice to pay employees the wages actually earned, and to pay time and one-half overtime pay, but failed to do so.

23. Defendant's failure to properly administer a scheme of compensation, including but not limited to actual time and overtime compensation, violates the overtime provisions of the New Jersey Wage & Hour Law and the regulations thereunder.

24. As a result of Defendant's willful and knowing failure to properly compensate the Plaintiff, he has suffered substantial delays in receipt of wages owed and suffered damages in the form of humiliation, emotional, reputational, and other monetary injuries.

## COUNT TWO - VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. 201, *et seq.*: FAILURE TO PAY OVERTIME

25. The Plaintiff repeats, reiterates and incorporates by reference all of the allegations and counts made in the previous Counts and paragraphs of this Complaint as if set forth herein at length.

26. Section 207(a) 1 of the FLSA requires an employer to pay its employees at the rate of at least 1 ½ their regular rate multiplied by hours worked in one week over 40 hours. This rate is commonly known as "time-and-a-half pay" for overtime work.

27. At all relevant times, Plaintiff, as an employee, and Defendant, as his employer, were subject to the provisions of the FLSA.

28. At all times relevant hereto, Defendant qualified as an "employer" under 29 U.S.C. §203(d).

29. During the period of time that Defendant employed Plaintiff, they were required to compensate him for all hours worked and to compensate him at a rate of "time-and-a-half" for all hours worked beyond 40 hours in one work week.

30. Defendant willfully, deliberately and intentionally failed to pay Plaintiff the overtime rate of "time-and-a-half" for time worked over 40 hours in a week during the period of his employment.

31. As a result of Defendant's failure to properly compensate Plaintiff in compliance with the requirements of the FLSA, Plaintiff has suffered damages.

32. Defendant's acts were performed with malice and a reckless indifference to Mr. Tamburro's protected rights.

33. The willful indifference and actual participation by Winzinger's management creates liability against the corporate Defendant.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants, jointly, severally and alternatively, for compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b); and for an award of reasonable attorneys' fees, costs, and expenses and such additional relief as the interests of justice may require.

### COUNT THREE – JOHN DOES

34. The Plaintiff repeats, realleges, and incorporate by reference each and every allegation contained in the previous paragraphs and Counts as if fully set forth herein.

35. Although the Plaintiff believes that the acts complained of were performed or caused by the named Defendants, the Plaintiff cannot be certain that the named Defendants are the

only person(s) or entity(ies) liable for the acts complained of as set forth herein. Therefore, the Plaintiff has named John Does 1 - 10, fictitious persons or legal entities as Defendant(s) to this action.

36. As such, the terms "Defendant" or "Defendants" as used in all of the above Counts and paragraphs should therefore be defined and read as "Defendant(s) and/or John Doe(s)".

**WHEREFORE**, the Plaintiff demands judgment against the Defendants and John Does 1-10, jointly, severally, and alternatively, for such sums as would reasonably and properly compensate the Plaintiff in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

By: _____
Zachary R. Wall, Esquire
**WALL & LONDON LLC**
*Attorneys for the Plaintiff*

DATED: March 12, 2018

### JURY DEMAND

Plaintiff demands trial by jury as to all of the triable issues of this complaint, pursuant to R. 1:8-2(b) and R. 4:35-1(a).

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Zachary R. Wall, Esquire, is hereby designated as trial counsel.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

Please be advised and noticed that the Defendant(s) should refrain from destroying, disposing or altering any potential evidence in its possession which would relate in any way to this matter. Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers. To that end:

A.  The Defendant(s) should not initiate any procedures which would alter any active, deleted, or fragmented files. Such procedures may include but are not limited to: storing (saving) newly created files to existing drives; loading new software, such as application programs; running data compression and disk defragmentation (optimization) routines; or the use of utility programs to permanently wipe files, or drives.

B.  The Defendant(s) should stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data. Backup tapes should be pulled from their rotation queues and be replaced with new tapes.

C.  The Defendant(s) should not alter and/or erase active files, deleted files, or file fragments on any electronic media that may have any relation to this matter.

D.  The Defendant(s) should not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

Dated: March 12, 2018

                                                      Zachary R. Wall, Esquire
                                                    **WALL & LONDON LLC**
                                                    *Attorney for the Plaintiff*

BUR-L-000527-18   03/12/2018 5:18:33 PM   Pg 1 of 1 Trans ID: LCV2018441854

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-000527-18

**Case Caption:** TAMBURRO DAVID VS WINZINGER, INC.
**Case Initiation Date:** 03/12/2018
**Attorney Name:** ZACHARY R WALL
**Firm Name:** WALL & LONDON LLC
**Address:** 34 TANNER ST STE 4
HADDONFIELD NJ 08033
**Phone:**
**Name of Party:** PLAINTIFF : TAMBURRO, DAVID
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
    If yes, for what language:


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/12/2018                                                          /s/ ZACHARY R WALL
Dated                                                                          Signed

BUR L 000527-18   03/13/2018 4:57:54 AM   Pg 1 of 1   Trans ID: LCV2018443154

```
BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                                         TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                           DATE:   MARCH 12, 2018
                           RE:     TAMBURRO DAVID   VS WINZINGER, INC.
                           DOCKET: BUR L -000527 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JANET Z. SMITH

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (609) 288-9500.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: ZACHARY R. WALL
                                    WALL & LONDON LLC
                                    34 TANNER ST STE 4
                                    HADDONFIELD       NJ 08033


ECOURTS
```